STATE OF MINNESOTA *vs.* FRANK HERDINA.

July 2, 1878.

**Parent and Child.**—A parent has no right to protect his child in the commission of a crime.

**Assault with Dangerous Weapon.**—To convict, of an assault with a dangerous weapon, with intent to do great bodily harm, one who comes to the assistance of the person holding the weapon, it is not necessary that he should have aided in the previous arming of such person.

**Same—Evidence of Intoxication.**—Evidence merely that the defendant was drunk when he joined one in committing an assault, without any evidence of the condition of his mind, or that he was too drunk to reason, or know right from wrong, will not require a charge to the jury that if defendant was so drunk that he did not know what he was doing, they should find for the defendant.

The defendant and his sons, Frank and Adolph, and one Kroulik, were jointly indicted, in the district court for Steele

county, for an assault, with dangerous weapons, upon one Barker, with intent to do him great bodily harm. The defendant requested and was granted a separate trial, which was had before *Lord*, J., and a jury, and resulted in a conviction. A new trial was denied and sentence was passed, and the defendant appeals from the judgment and the order refusing a new trial.

*A. C. Hickman* and *Amos Coggswell,* for appellant.

*Geo. P. Wilson,* Attorney General, and *J. M. Burlingame,* for the State.

GILFILLAN, C. J.   There was certainly sufficient evidence to justify the jury in finding that the party with whom the defendant was acting committed an assault upon Barker, and that one of them, Adolph Herdina, was using, in the assault, a dangerous weapon, with intent to do great bodily harm to Barker.   There is also evidence enough to justify the jury in finding that each of the persons participating in the assault, including this defendant, knew that Adolph was armed with and was using a dangerous weapon, with intent to do great bodily harm, and that, in assisting in the assault, they participated in and had the same intent as he who held the weapon. The court was, therefore, right in refusing to direct a verdict of not guilty.

Defendant requested an instruction that if the jury believed that the motive or intention of the defendant was to protect or defend his sons, or either of them, in the fight, then they would find a verdict of not guilty.   The court refused to so instruct, but, in its general charge, did instruct as to the right of a parent to protect his child, and the limitations of the right.   Precisely what this instruction was does not appear, except that the court instructed that it would depend on what the sons were doing; that there was no right to protect in committing a crime.   This is undoubtedly correct.   A parent may protect a child from an assault, as the party assaulted may protect himself, but may not protect a child in committing an assault.

The defendant requested an instruction that the arming must precede the assault, and that, to convict defendant as an accessory, he must have aided the principals in the previous arming with the knife, and in making the assault on Barker. This was clearly wrong, for after the principal is armed with a dangerous weapon, one who comes to his assistance, knowing that he is so armed, and participating in the intent to do great bodily harm with the weapon, and who assists him in the assault with it, is as guilty as though he had assisted in the previous arming.

The defendant also requested an instruction that if the jury believed, from the evidence, that the defendant was so drunk during the fight that he did not know what he was doing, then they should find for defendant, even if he aided and assisted in the previous arming with the knife, and making the assault. As to this request, it is sufficient to say that while there is evidence that defendant was drunk, there is none to show the condition of his mind, nor that he was too drunk to reason or know right from wrong. There was, therefore, no evidence to require the charge.

Order and judgment affirmed.