## STATE v. GENE MICKENS.

### 150 N. W. (2d) 30.

### April 14, 1967—No. 40,294.

■■■■■■

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Defendant pled guilty to an information charging him with assault with a dangerous weapon in violation of Minn. St. 609.225, subd. 2.[1]

---

[1] Minn. St. 609.225, subd. 2, provides: "Whoever *assaults* another with a dangerous weapon but without intent to inflict great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both." (Italics supplied.)

Section 609.22 provides that a simple assault is committed when any

Upon his appeal from the judgment, he seeks a reversal of his conviction upon claims that he was denied his constitutional right to the effective assistance of counsel and that the court improperly accepted his plea of guilty. He argues that his admissions and statements of the events giving rise to the charge during questioning disclosed that he was intoxicated at the time and thus, under § 609.075,[2] his intoxication was a potential defense. He contends that the record shows that the availability of his intoxication as a factor in negativing the existence of an intent to cause fear of immediate bodily harm to the persons assaulted was not adequately raised by defense counsel and considered by the court before his plea was accepted.

A careful examination of the brief record and the court file shows that defendant was arrested and brought before the municipal court on July 23, 1965, and that court appointed the Hennepin County Public Defender to represent him. Defendant demanded a preliminary hearing, but waived it July 27 and was bound over to the district court. On July 28, he appeared before the district court with the Hennepin County Assistant Public Defender, whom the court, after determining that defendant was indigent, formally appointed to represent him. He was then arraigned and his request for a 2-day continuance before plea was granted. On July 30, he pled guilty to the charge, but before his plea was accepted he was sworn and answered questions concerning the basis of his plea. He was questioned as to his knowledge and understanding of his rights and the consequences of his plea. He also gave his version of the details of the offense charged, after which the court accepted his plea and granted his request for a presentence investigation. On August

person: "(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

"(2) Intentionally inflicts or attempts to inflict bodily harm upon another."

[2] Section 609.075 provides: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

31, 1965, he was sentenced to imprisonment for an indeterminate term of not more than 5 years.

The record establishes that he was afforded assistance of counsel before he waived preliminary hearing; that he voluntarily chose to plead guilty after consulting with counsel "on a couple of occasions in the County Jail," and after "ample opportunity to discuss [the] matter"; and that his plea was made with a full understanding of his rights if he chose to plead not guilty. His testimony also indicated he pled guilty because he knew he was "guilty as charged in the information" and that his plea was made with full awareness of the possible sentence.

As to defendant's intoxication, questions by his appointed counsel enabled him to freely inform the court of his version of the details giving rise to the offense charged. He told the court that he came from New York City and had been "around Minneapolis and St. Paul for about three years"; that on July 19, 1965, the date of the offense, he "had been drinking" and that he "was intoxicated," but that he remembered the following events: Going into the Jefferson Bus Garage in Minneapolis "two times" and returning the "third time," pointing a .22-caliber Derringer pistol at two strangers, holding "the gun on them for some period of time," making them "lie down on the floor," taking an airport limousine that was in the garage, and being apprehended later in St. Paul "through tracing that vehicle." He expressly admitted that he knew what he was doing when he pointed the pistol at the strangers.

We are of the opinion that the record does not support either of defendant's claims. To be sure, constitutional due process entitled defendant to effective assistance of counsel,[3] but we have no hesitation in concluding upon this record that the public defender adequately performed his essential role and function.[4] Moreover, we believe he properly advised defendant that his claimed intoxication was not reasonably available as a defense. While it may well be arguable that "a particular intent" is a "necessary element" of the crime charged so as to require a consideration of intoxication as a possible defense, we need not de-

---

[3] White v. Ragen, 324 U. S. 760, 65 S. Ct. 978, 89 L. ed. 1348.

[4] State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

cide the question because the defendant's statements convincingly demonstrate that his acts were intentional and purposeful and that his intoxication was not such as to render him incapable of forming any "particular intent" or the intent required to commit a simple assault.[5] The court was clearly justified in accepting defendant's plea of guilty.

Affirmed.

---

[5] See, State v. Herdina, 25 Minn. 161; State v. Corrivau, 93 Minn. 38, 100 N. W. 638; 6 C. J. S., Assault and Battery, §116(b).