STATE v. LAWRENCE W. OLSON.

214 N. W. 2d 777.

January 25, 1974—No. 43820.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Robert W. Johnson,* County Attorney, and *Edward W. Bearse,* Assistant County Attorney, for respondent.

Per Curiam.

This is an appeal from judgment of conviction of assault with a dangerous weapon without inflicting great bodily harm. Minn. St. 609.225, subd. 2. The defense at trial was that defendant was so intoxicated at the time of the alleged assault that he could not form the intent requisite to an assault.[1] The trial court, which heard the case without a jury, rejected this defense, finding (a) that although defendant was intoxicated at the time of the alleged assault his intoxication was not such

---

[1] Minn. St. 609.22 provides: "Whoever does any of the following commits an assault * * *.

(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

(2) Intentionally inflicts or attempts to inflict bodily harm upon another."

as to negate intent, and (b) that in fact he had intended to "cause fear in another of immediate bodily harm or death." Minn. St. 609.22(1). Now, on appeal, defendant contends that the evidence was, as a matter of law, insufficient on the issue of intent and that the trial court could not reasonably find as it did. We reject these contentions and affirm the judgment below.

The facts are these. On March 25, 1970, at approximately 11:30 p. m., Officer Frederick Bebensee of the Fridley Police Department went to defendant's house to investigate a report of a domestic disturbance. Almost immediately upon his arrival, Bebensee observed defendant lying on the ground beside an automobile and pointing a revolver at him, which shortly thereafter defendant fired. Moments later defendant stood up and walked toward the side door of his house. As defendant was entering the house, he lifted his gun again, took deliberate aim, and fired, this time at another officer who had just arrived on the scene. In the ensuing 20 to 25 minutes, police attempted to peek into the house and see what defendant was doing. At 11:55 p. m., defendant fired another shot, this time through the window. Finally, at 12 midnight, police determined that defendant had fallen asleep, and they entered the house and took him into custody. At the hospital, where at 12:45 a. m. defendant was given a blood test which revealed a blood alcohol content of .29 percent by weight, defendant asked police officers if he had killed anybody. Later at his booking, which commenced at 3:30 a. m., defendant in essence repeated this question several times.

On these facts we believe that the trial court, acting as trier of fact, properly found that defendant had had the requisite intent. In so holding we do not decide whether in assault cases the trial court is required to admit evidence of defendant's intoxication or, if so, whether the factfinder is *required* to consider such evidence on the issue of intent.[2] In this case, the trial court did admit such evidence and, acting as trier of fact, did consider such evidence on the issue of intent. In any event, he was not *compelled* under the facts of this case to find that defendant

---

[2] Minn. St. 609.075 reads: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

We have not decided whether this statute applies to assault cases—see, State v. Mickens, 276 Minn. 343, 150 N. W. 2d 30 (1967)—or, if so, whether the statute's use of the permissive "may" means that the factfinder need not consider such evidence.

did not know what he was doing and that defendant could not possibly have intended any of his acts. See, State v. Bonga, 278 Minn. 181, 153 N. W. 2d 127 (1967); People v. Hood, 1 Cal. 3d 444, 82 Cal. Rptr. 618, 462 P. 2d 370 (1969).

Affirmed.

Mr. Chief Justice Sheran, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.