## STATE v. STEVEN RAYMOND CHOUNARD.

216 N. W. 2d 908.

April 5, 1974—No. 44008.

*C. Paul Jones,* State Public Defender, and *David G. Roston,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, *Peter W. Sipkins,* Assistant Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, whose conviction for unauthorized use of a motor vehicle, Minn. St. 609.55, was based on a guilty plea, contends on this direct appeal from judgment of conviction that the trial court should not have accepted his plea because (1) the record does not show an awareness by defendant of all the rights he was waiving by pleading guilty, and (2) his testimony indicated that he was too intoxicated at the time of the alleged offense to be able to form the specific wrongful intent prerequisite to conviction for unauthorized use. After careful consideration we have concluded that the trial court did not err in accepting defendant's plea.

Defendant, in arguing that the trial court should not have accepted the plea without interrogating him more thoroughly as to his understanding of the rights he was waiving by pleading guilty, relies upon Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969). As we stated recently in State v. Propotnik, 299 Minn. 56, 216 N. W. 2d 637 (1974), in rejecting a similar contention, Boykin did not hold that the trial court must specifically inform a defendant of all his constitutional rights before accepting a guilty plea; rather, it held that a guilty plea must appear on the record to have been voluntarily and intelligently made and that a waiver of important constitutional rights may not be presumed from a silent record such as that in Boykin. The instant case differs considerably from Boykin. Here there is a transcript of what occurred when defendant entered his plea, and this transcript shows that defendant had a full opportunity to discuss the case with counsel before entering the plea. As in State v. Propotnik, *supra,* we could safely presume from this that counsel adequately informed defendant concerning his rights. However, in this case we need not *presume* this because defendant specifically testified that counsel informed him of his rights and his counsel stated that he believed defendant understood his rights.

In arguing that the trial court should not have accepted his plea because his testimony indicated the possibility of a defense of intoxication under Minn. St. 609.075,[1] defendant points to his testimony that he was "half-drunk" at the time of the offense. It is true that defendant

---

[1] Minn. St. 609.075 provides that "* * * when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

so testified, but he also testified that he knew what he was doing and knew that he could be prosecuted for it. We believe that this testimony was sufficient to demonstrate that defendant's acts were intentional and that his intoxication or "half-intoxication" did not render him incapable of forming any particular intent. See, State v. Johnson, 279 Minn. 209, 156 N. W. 2d 218 (1968); State v. Mickens, 276 Minn. 343, 150 N. W. 2d 30 (1967).

Affirmed.