### STATE v. JODY THOMAS GOAR.

249 N. W. 2d 894.

January 14, 1977—No. 46024.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Keith M. Brownell*, County Attorney, and *Peter C. Mayrand*, Assistant County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated assault, Minn. St. 609.225, subd. 2, and was sentenced by the trial court to a maximum indeterminate prison sentence of 5 years. The issues raised by defendant on this appeal from judgment of conviction are whether the trial court committed prejudicial error in (1) refusing to permit defense counsel to cross-examine the victim about whether he

had hired a lawyer to sue the bar that sold defendant liquor prior to the assault, and (2) refusing defense counsel's request to submit disorderly conduct, Minn. St. 609.72, as a lesser-included offense. We affirm.

1. The general rule is that in a criminal case defense counsel may cross-examine a prosecuting witness to show the *pendency* of a civil action for damages by the witness against the *accused*. 81 Am. Jur. 2d, Witness, § 53. Many of the cases are collected in Annotation, 21 A. L. R. 2d 1081. The theory behind this is that pendency of such a suit indicates possible bias on the witness' part and is relevant to the witness' state of mind when testifying.

In the instant case defense counsel sought to elicit evidence of a *contemplated* suit for damages against a *third party*, namely, the bar. The prosecutor objected to this question on the ground of irrelevancy, since the contemplated suit was against a third party under the Civil Damage Act, Minn. St. 340.95, and not against defendant, and the trial court sustained the objection on this ground.[1]

A reading of § 340.95[2] suggests that the main issues in the victim's suit probably would be whether defendant caused the victim's injury, whether defendant was intoxicated at the time he caused the injury, and whether the bar caused defendant's intoxication. None of these issues was an issue in defendant's criminal trial. The issue in the criminal trial was whether defendant, who admittedly caused the victim's injuries, committed aggravated assault in the process. Regardless of the jury's decision on this issue, the victim would still be able to prosecute the civil damage action against the bar. There is thus no legal

---

[1] The state did not base its objection on the ground that the suit was contemplated instead of pending. There is disagreement over whether defense counsel may cross-examine a prosecuting witness about a contemplated suit against a defendant. See, Annotation, 21 A. L. R. 2d 1081. We need not decide this issue.

[2] Minn. St. 340.95 reads as follows: "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

basis for arguing that the victim had a motive for testifying falsely in the criminal trial in the hope that this would increase his chances of recovering in the suit against the bar. The question of whether the evidence should have been admitted is within the discretionary authority of the trial court, and we find no abuse of that discretion in this case.

2. There is no merit to defendant's second contention. Minn. St. 609.04, subd. 1, provides as follows:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:

"(1)   A lesser degree of the same crime; or

"(2)   An attempt to commit the crime charged; or

"(3)   An attempt to commit a lesser degree of the same crime; or

"(4)   A crime necessarily proved if the crime charged were proved; or

"(5)   A petty misdemeanor necessarily proved if the misdemeanor charge were proved."

None of these clauses apply and, therefore, the trial court properly denied defense counsel's request to submit disorderly conduct.

Affirmed.