**STATE of Minnesota, Respondent,**

v.

**James Allen CLARKEN, Appellant.**

**No. 46764.**

Supreme Court of Minnesota.

Oct. 28, 1977.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Special Asst. Atty. Gen., St. Paul, W. M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

PER CURIAM.

This is an appeal from judgment of conviction of attempted aggravated rape, assault, burglary, and indecent liberties. The defense at trial was that defendant was insane at the time he committed the acts in question as a result of the combined effect of the ingestion of alcohol and LSD or, alternatively, that he was so intoxicated from these substances as to be unable to form the intent requisite to commit each of the crimes. The trial court, which heard the case without a jury, found that although defendant was under the influence of alcohol and LSD at the time of the acts, he was not insane and was able to formulate the intent requisite to the commission of each of the crimes. Now on appeal, defendant contends that the evidence was such as to mandate a complete acquittal on either of these two grounds. We reject these contentions and affirm.

The case on the availability of the defense of insanity induced by intoxication is *State, City of Minneapolis v. Altimus,* 306 Minn. 462, 238 N.W.2d 851 (1976). That case held that a defendant's insanity due to *involuntary* intoxication is a defense when the defendant establishes by a preponderance of the evidence that he committed the offense while laboring under such a defect of reason from that intoxication as not to know the nature of his act or that it was wrong. It is clear from what we said in *Altimus* that a defendant's insanity due to *voluntary* intoxication is not a defense. In any event, the court in the instant case did consider the contention that defendant was rendered insane and found expressly that he was not. The evidence supports that finding. See, *State v. Wendler,* Minn., 252 N.W.2d 266 (1977); *State v. Bott,* Minn., 246 N.W.2d 48 (1976).

The evidence also supports the trial court's finding that defendant was not so intoxicated as to be unable to form any specific intent requisite to the commission of the crimes charged.[1] See, *State v. Olson,* 298 Minn. 551, 214 N.W.2d 777 (1974).

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.

---

1. Minn.St. 609.075 provides as follows: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."