**STATE of Minnesota, Appellant,**

v.

**Jeffrey Michael POTTER, Respondent.**

**No. 50639.**

Supreme Court of Minnesota.

Jan. 22, 1980.

Warren Spannaus, Atty. Gen., Gary Hansen, Spec. Asst. Atty. Gen., Norman B. Coleman, Jr., Spec. Asst. Atty. Gen., St. Paul, Michael T. Milligan, County Atty., Walker, for appellant.

Duranske & Thomason and George L. Duranski III, Bemidji, for respondent.

## OPINION

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to R. 29.03, subd. 1, R.Crim.P., from an order of the district court suppressing evidence and dismissing a prosecution of defendant for violating several weapons statutes and for allegedly assaulting two police officers. The decisive issue on appeal is whether the police violated defendant's Fourth Amendment rights when they arrested him for an alleged assault committed by defendant while being taken to an alcohol detoxification center pursuant to Minn. Stat. § 253A.04, subd. 2 (1978). The district court, reasoning that the officers could have prevented the alleged assault if they had handcuffed defendant and otherwise restrained him before taking him to the center, concluded that defendant could not bear any criminal responsibility for his alleged conduct or for similar conduct while being taken to jail; the court, relying on the exclusionary rule, also dismissed other charges against defendant which were based on evidence seized from defendant pursuant to a booking search of defendant and his belongings. We reverse and remand for trial.

We express no opinion on the issue of whether defendant should have been handcuffed and otherwise restrained before he was taken to the detoxification center. Our analysis of the record convinces us that, regardless of whether the officers should have restrained defendant more effectively, the district court erred in concluding that, as a matter of law, defendant could not be held criminally accountable for any assaultive conduct occurring during transportation to the detoxification center or subsequently during transportation to the jail. Even if defendant's intoxication could be relied upon in determining the criminality of defendant's conduct—see Minn.Stat. § 609.075 (1978)—that would be a matter for the jury, not a decision for the arresting officers to make. The key issue at this pretrial stage is whether the police had probable cause to arrest defendant for the alleged assault, not whether the state could prove to a jury beyond a reasonable doubt that defendant was guilty of an assault. Holding that the police did have probable cause, we reverse the dismissal order and remand for trial on all charges.

Reversed and remanded for trial.