**STATE of Minnesota, Respondent,**

v.

**John Charles KITTLESON, Appellant.**

**No. 51885.**

Supreme Court of Minnesota.

May 22, 1981.

Wayne B. Holstad and Robert W. Herr, White Bear Lake, for appellant.

Robert W. Kelly, County Atty., and Vernon D. Swanum, Asst. County Atty., Stillwater, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the second degree (assault with a dangerous weapon), Minn.Stat. § 609.222 (1980), and was sentenced by the trial court to a minimum prison term of one year and one day under Minn.Stat. § 609.11 (1980) and a limited maximum term of 21 months rather than the five years authorized by statute. On this appeal from judgment of conviction defendant contends: (1) that the trial court erred in denying a motion to suppress all evidence of the assault on the ground that the assault was the fruit of an illegal warrantless entry by police into his dwelling; (2) that the trial court prejudicially erred in refusing to submit the lesser offense of pointing a gun at another person or self-defense, and in refusing to give the instruction on intoxication requested by defense counsel rather than the one requested by the prosecutor; (3) that the evidence of his guilt was legally insufficient; and (4) that the mandatory minimum-term law, Minn. Stat. 609.11 (1980), is inapplicable to assault in the second degree, Minn.Stat. § 609.222 (1980). We affirm.

Police, responding to a complaint concerning an assault with a dangerous weapon by defendant on two other people living in the same rooming house, including the

owner, identified themselves as police and tried to get defendant to come out of his room to talk with them. Unable to get any response, the officers entered the room. As they did so, defendant pointed a gun at one of them, causing the officer to fear that he was going to be shot.

■ 1. Defendant's first contention is that the entry of his room violated *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and that therefore the evidence of the assault on the officer should have been suppressed. In the *Payton* case, the Court held that the fourth amendment prohibits police, absent exigent circumstances or consent, from making a warrantless entry into a suspect's residence in order to make a felony arrest. Although we believe that exigent circumstances probably justified the warrantless entry into defendant's room—see W. Donnino and A. Girese, *Exigent Circumstances for a Warrantless Home Arrest*, 45 Albany L.Rev. 90 (1980)—we need not decide the point because, contrary to defendant's argument, the exclusionary rule did not require suppression of the evidence of this assault on the officer even if the entry was in violation of *Payton*. *State v. Bale*, 267 N.W.2d 730 (Minn.1978); 3 W. LaFave, *Search and Seizure* § 11.4(j) (1978). *Cf., In Matter of Welfare of Burns*, 284 N.W.2d 359 (Minn. 1979) and *State v. Hoagland*, 270 N.W.2d 778 (Minn.1978) (each dealing with claim that it is a defense to an assault charge that the assault was in response to a fourth amendment violation).

■ 2. Defendant's next contention concerns the instructions. We hold: (a) that the court properly declined to submit self-defense because there was no evidence justifying submission of that defense, *Jensen v. State*, 278 N.W.2d 752 (Minn.1979); (b) that the court's instructions on intoxication were adequate, *State v. Wahlberg*, 296 N.W.2d 408 (Minn.1980); and (c) that the court correctly refused to submit the lesser offense of pointing a gun at another person, Minn.Stat. § 609.66, subd. 1(2) (1980), because the offense is not a necessarily included offense of assault with a dangerous weapon, *LaMere v. State*, 278 N.W.2d 552 (Minn.1979).

■ 3. Defendant's third contention is that the state failed to prove (a) that he intended to cause fear in the officer when he pointed the gun, and (b) that his conduct was not in self-defense. There is no merit to either contention. The evidence that the defendant was intoxicated did not compel a conclusion that defendant could not form the requisite intent, and the trial court properly left the issue to the jury. *State v. Potter*, 288 N.W.2d 713 (Minn.1980); *State v. Olson*, 298 Minn. 551, 214 N.W.2d 777 (1974); *State v. Bonga*, 278 Minn. 181, 153 N.W.2d 127 (1967). And as we have stated, defendant did not even introduce sufficient evidence to raise the issue of self-defense and justify its submission to the jury, much less compel a finding of not guilty.

■ 4. Defendant's final contention is that Minn.Stat. § 609.11 (1980), the mandatory minimum-term law, is inapplicable to assault in the second degree, Minn.Stat. § 609.222 (1980). Section 609.11 provides that "aggravated assault" is one of the offenses to which the mandatory minimum-term law applies. Defendant's contention is that assault with a dangerous weapon used to be one of two forms of aggravated assault under Minn.Stat. § 609.225, but that the legislature has repealed Minn.Stat. § 609.225 and that there is no longer such a thing as aggravated assault. *See* Act of May 29, 1979, ch. 258, § 25, 1979 Minn.Laws 548, 556. Actually, assault with a dangerous weapon was merely relabeled assault in the second degree and the legislature, through inadvertence, neglected to revise section 609.11 to conform to this relabeling. Section 609.11 still must be interpreted as applying to a conviction for assault with a dangerous weapon.

Affirmed.