STATE of Minnesota, Respondent,

v.

Jerry James TENHOFF, Appellant.

No. 81–865.

Supreme Court of Minnesota.

July 30, 1982.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of assault in the second and third degrees, pursuant to Minn.Stat. §§ 609.-222–.223 (1980) (assault with a dangerous weapon and assault involving infliction of substantial but not great bodily harm). The trial court sentenced defendant to an executed term of 34 months in prison, which is the presumptive sentence for assault in the second degree (severity level VI) by one with defendant's criminal history score (three). On appeal from judgment of conviction defendant raises issues concerning the sufficiency of the evidence, the fairness of his trial, and the fairness of being convicted of a greater and lesser offense for a single criminal act. We conclude that defendant received a fair trial and that the evidence supported the verdict, but we vacate the lesser of the two convictions pursuant to Minn.Stat. § 609.04 (1980).

1. Defendant's first contention is that the evidence of his guilt was legally insufficient.

The state's evidence established that defendant, while intoxicated, became involved in a fight with a bartender on the afternoon of January 9, 1981. Defendant was briefly hospitalized but signed out of the hospital and returned to the bar later that evening. He seemed to be acting properly. Shortly before the 1 a. m. closing time, however, he picked up a pool cue, began swinging it like a baseball bat, and unjustifiably and without provocation hit a patron of the bar in the face, causing serious injury. It appears that defendant may have believed that the victim, who was wearing a cowboy hat, was the bartender, who was also wearing a cowboy hat that night.

■ At trial on charges of assault in the second and third degrees, defendant claimed that he was so intoxicated at the time of the assault that he could not form the requisite intent. He makes a similar claim on appeal, arguing that the evidence of his intoxication compels the conclusion that he could not form the requisite intent. We hold that there was sufficient evidence of intent and that the trial court properly left the issue with the jury. *See generally State v. Potter*, 288 N.W.2d 713 (Minn. 1980); *State v. Olson*, 298 Minn. 551, 214 N.W.2d 777 (1974); *State v. Bonga*, 278 Minn. 181, 153 N.W.2d 127 (1967).

2. Defendant contends he was denied a fair trial based on the trial court's sustaining of an objection by the prosecutor to defense counsel's attempt to cross-examine the victim concerning the victim's pending lawsuit against defendant, the bartender, and the bar's owners.

■ Cases of this court bearing on this issue are *State v. Goar*, 311 Minn. 560, 249 N.W.2d 894 (1977), and *State v. Underwood*, 281 N.W.2d 337 (Minn.1979). These cases establish that, in a criminal case, defense counsel may cross-examine a prosecution witness to show that a civil action for damages by the witness against the accused is pending or contemplated.

■ Defense counsel sought to cross-examine the victim for the purpose of showing the victim's interest in the outcome of the criminal case. That would have been a valid basis for the cross-examination if the victim's testimony had related to any factual issues that were materially in dispute. The victim, however, had no knowledge concerning the key issues in dispute—the degree of defendant's intoxication and his intent. Therefore, the trial court had discretion to prohibit the cross-examination.

■ Defense counsel may have had grounds for establishing the interests of the bartender, who was being sued by the victim, and of other witnesses. Defense counsel, however, did not cite this as a basis for eliciting the evidence in question and did not attempt to question other witnesses in this way. Beyond this, we note that the testimony of the bartender concerning the degree of defendant's intoxication was corroborated by the testimony of a patron of the bar, by the testimony of another employee of the bar, and by the arresting officer. Given the corroborating evidence and the other evidence bearing on defendant's intent, the lack of any misconduct on the part of the victim, and the weakness of the defense, we conclude that defendant was not prejudiced by the exclusion of the evidence concerning the pending lawsuit.

3. Defendant's final contention is that we should vacate one of the two convictions pursuant to Minn.Stat. § 609.04 (1980), which forbids two convictions of the same offense or of one offense and a lesser included offense on the basis of the same criminal act.

■ In *State v. Kemp*, 305 N.W.2d 322, 326 (Minn.1981), we stated that whether two offenses were part of a single course of conduct—an issue in applying either Minn. Stat. § 609.035 (1980) or section 609.04—is a factual issue ordinarily best presented in the first instance to the trial court; therefore "[i]n future similar cases we may decline to decide any issue concerning the applicability of either [section 609.035 or section 609.04] unless the issue has first been presented to the trial court for decision." *Kemp* was decided shortly before the judgment was filed in this case. If

there were any doubt as to whether the two offenses were part of the same behavioral incident, we would require defendant to present the issue to the trial court first. However, the trial court specifically found that the two offenses were part of the same behavioral incident. Therefore, given the fact that defendant was formally adjudicated guilty of both offenses—*see State v. Plan*, 316 N.W.2d 727 (Minn.1982)—it is clear that defendant is entitled to the requested relief. Accordingly, we vacate the lesser of the two convictions, the conviction of assault in the third degree.

Conviction of assault in the second degree is affirmed; conviction of assault in the third degree is vacated.