STATE of Minnesota, Respondent,

v.

James Michael PATCH, Appellant.

No. C7–81–1043.

Supreme Court of Minnesota.

Feb. 18, 1983.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., and Janet Newberg Anderson, Sp. Asst. Attys. Gen., St. Paul, Fred Kraft, County Atty., Austin, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of two counts of kidnapping, Minn.Stat. § 609.25, subd. 1(2, 3) (1982), and one count of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1982). The trial court sentenced defendant to concurrent prison terms of 240 months for the sex offense and one of the kidnapping convictions. The presumptive sentence for each of these two severity level VIII offenses by a person with defendant's criminal history score of two is 65 (60–70) months in prison. Issues raised by the state public defender in the brief on defendant's behalf are (1) whether defendant's convictions should be reversed outright on the ground that, as a matter of law at the time of the offenses, defendant was either so intoxicated as to be unable to formulate a specific intent or so intoxicated as to be mentally ill and unable to determine right from wrong; (2) whether a new trial is required on the ground that the trial court prejudicially erred in ordering defendant shackled during trial, in refusing to instruct the jury on the defense of involuntary intoxication, and in refusing to submit criminal sexual conduct in the third degree; (3) whether the trial court erred in adjudicating defendant guilty of both kidnapping offenses; and (4) whether the trial court violated Minn.Stat. § 609.035 (1982) in imposing two sentences and violated the Sentencing Guidelines in departing from the presumptive sentence. Defendant has also filed a *pro se* supplementary brief in which he raises a number of issues, including the adequacy of evidence to support the sex conviction, whether the trial court erred in denying a pretrial motion for a change of venue based on prejudicial publicity, and whether the trial court was biased against him. We vacate one of defendant's convictions of kidnapping (Count II), vacate the sentence for the other kidnapping conviction, and reduce defendant's sentence for the sex offense from 240 months to 140 months, two times the maximum presumptive sentence duration.

Defendant's convictions were based on his kidnapping an Austin woman from a shopping center parking lot and sexually assaulting her in his car. Defendant's car became stuck and the victim escaped on

foot. Defendant then went to a nearby house and called a tow truck. Defendant coerced the truck driver into driving him to Albert Lea after he learned that police were already looking for him. When police stopped the truck in Albert Lea, the defendant refused to submit to arrest. Finally, a psychiatrist persuaded defendant to give up and defendant was arrested.

Defendant's defense at trial was that he was so intoxicated at the time of the kidnapping and sexual assault that he blacked out and that therefore he not only lacked the capacity to formulate any specific intent, but was, in fact, mentally ill within the meaning of *M'Naghten*. The trial court submitted the defense of voluntary intoxication and the defense of mental illness, but refused to instruct the jury on involuntary intoxication. The jury found defendant guilty as charged.

█ 1. The evidence of defendant's factual guilt was overwhelming. It is not clear whether defendant was entitled to have the defense of voluntary intoxication submitted with respect to the sex charge, *see State v. Lindahl,* 309 N.W.2d 763 (Minn. 1981), but, in any event, we are satisfied that the evidence was not such as to compel the jury to find that defendant's intoxication prevented him from forming any necessary specific intent, *State v. Olson,* 298 Minn. 551, 214 N.W.2d 777 (1974).

█ Self-induced intoxication by a chronic alcoholic is not involuntary intoxication within the meaning of the criminal law defense of involuntary intoxication. *State v. Johnson,* 327 N.W.2d 580 (Minn.1982). Accordingly, the trial court properly declined to instruct the jury on involuntary intoxication. Since a defendant's insanity due to voluntary intoxication is not a defense, *State v. Clarken,* 260 N.W.2d 463 (Minn.1977), the trial court was not obligated to instruct on the defense of mental illness. The court did so gratuitously, however, and we are satisfied that, in any event, the evidence was not such as to compel a finding that defendant was mentally ill under the *M'Naghten* standard.

2. There is also no merit to defendant's contention that the trial court committed prejudicial error, requiring a new trial.

█ (a) Defendant has failed to show that there was any significant pretrial publicity or that it prejudiced him. *See State v. Beier,* 263 N.W.2d 622 (Minn.1978).

█ (b) There is no merit to defendant's contention that the trial court was biased against him.

█ (c) Our decision in *State v. Scott,* 323 N.W.2d 790 (Minn.1982), controls defendant's contention that the trial court prejudicially erred in shackling him. In *Scott,* we declined to decide whether the trial court in that case was justified in requiring the defendant to wear leg restraints because there was no evidence that the jury learned that defendant was wearing the restraints and therefore any error was nonprejudicial. That is also the case here.

█ (d) Defendant also contends that the trial court erred in refusing to submit criminal sexual conduct in the third degree. The test applied when a defendant requests submission of a lesser offense is a two-part test: whether the lesser offense is necessarily included under Minn.Stat. § 609.04 (1982) and whether the evidence adduced is sufficient to permit the jury rationally to acquit the defendant of the charged offense and convict him of the included offense. *State v. Leinweber,* 303 Minn. 414, 422, 228 N.W.2d 120, 125–26 (1975). The mere fact that the jury has the power to acquit irrationally in the teeth of overwhelming evidence of guilt may not be used as the reason for submitting lesser offenses. A lesser offense may be submitted only if there is a rational basis for an acquittal of the offense charged and a conviction of the lesser offense. Illustrating the approach we have taken is *State v. Malzac,* 309 Minn. 300, 244 N.W.2d 258 (1976), in which we upheld the trial court's refusal to submit a lesser offense when the defendant's version of the events was contrary to all the physical evidence and undisputed expert testimony. As in *Malzac,* we believe there was no

rational basis for the jury to acquit defendant of the charged offense and find him guilty of the lesser offense in question.

3. Defendant next argues that one of the kidnapping convictions should be vacated on the ground that Minn.Stat. § 609.04 (1982) bars the prosecutor from exaggerating the criminality of the defendant's conduct by obtaining two convictions of the same offense simply because the defendant's single act violated two different provisions of the same statute. The cases support defendant, *see e.g., State v. Koonsman,* 281 N.W.2d 487 (Minn.1979), and the state concedes this issue. Therefore, defendant's conviction of Count II is vacated.

4. The final issues are whether the trial court violated Minn.Stat. § 609.035 (1982) in sentencing defendant for both the kidnapping conviction and the sexual assault and whether the trial court violated the Sentencing Guidelines in departing from the presumptive sentence.

(a) Minn.Stat. § 609.035 generally bars sentencing a defendant more than one time, even to concurrent sentences, for multiple offenses committed against the same victim as part of a single behavioral incident. *State v. Idowu,* 272 N.W.2d 354 (Minn.1978). Our examination of the record satisfies us that this case is like *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979). In *Koonsman,* we held that a kidnapping and sexual assault arose from the same behavioral incident. Similarly, the defendant's criminal objective here was to commit an act of sexual misconduct and the kidnapping was for that purpose.

(b) The remaining issue is the sentence of 240 months for the sexual offense. Defendant questions whether there were any grounds for departure from the presumptive sentence of 65 (60–70) months. The state claims that a double durational departure was justified, but impliedly concedes that the circumstances did not warrant more than that. (Indeed, the prosecutor, at the time of sentencing, recommended imposition of a total of 100 months as adequate.)

The two most useful cases to examine and compare with this case are *State v. Heinkel,* 322 N.W.2d 322 (Minn.1982), and *State v. Herberg,* 324 N.W.2d 346 (Minn. 1982). We believe that a comparison of the facts in this case with the facts in each of those cases makes it clear that this is a case like *Heinkel,* where the doubling limit was applied, rather than like *Herberg,* where we upheld a sentence in excess of double the presumptive duration. We therefore reduce defendant's sentence from 240 months to 140 months, two times the maximum presumptive sentence duration.

Affirmed in part; reversed in part.