STATE of Minnesota, Respondent,

v.

**Albert Lamont GRIFFIN, Appellant.**

No. C4–93–888.

Court of Appeals of Minnesota.

Jan. 18, 1994.

Review Granted March 15, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., M. Katherine Doty, Asst. County Atty., Anoka, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by ANDERSON, C.J., and CRIPPEN and FOLEY, JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

FOLEY, Judge.*

Albert Lamont Griffin was convicted of first degree assault in violation of Minn.Stat. § 609.221 (1990). On appeal, Griffin argues that the district court erred in refusing to instruct the jury on the lesser-included offense of fifth degree assault and that he was denied effective assistance of counsel at trial. We affirm.

## FACTS

In May 1992, Griffin was living with the victim, his then-girlfriend. On May 12, 1992, Griffin and the victim were drinking heavily and arguing throughout the evening. Sometime after midnight, the argument escalated to a physical altercation. Griffin testified that he grabbed the victim's arm in self-defense because she held a knife and because she had a history of similar attacks.

In the altercation, the victim fell to the floor. She testified that she did not know how she fell and that she could have tripped over Griffin's feet or over a nearby footstool. Once the victim was on the floor, Griffin began to kick her. C.D.B., the victim's son, testified that he saw Griffin kicking his mother and that he did not see a knife. No knife was found at the scene.

As a result of this incident, the victim's left eye ruptured and her sight in that eye was permanently lost. Her eye was surgically removed and replaced with an artificial eye. Griffin admitted that he hit the victim in the back of her head as she lay on the floor but maintains that her injury was caused by the leg of the footstool when she fell. The victim testified that all she remembers after falling is a foot kicking her in the left side of her head. C.D.B. testified that he did not see Griffin's foot come into contact with the victim's eye.

In his instructions to the jury, the judge gave instructions only on first degree assault and on self-defense, concluding that there was no rational basis for a verdict of guilty for fifth degree assault and not guilty for

first degree assault and that an instruction on the lesser-included offense of fifth degree assault was therefore unnecessary. The jury returned with a guilty verdict for first degree assault and Griffin was sentenced to a term of 166 months.

## ISSUES

I. Did the district court commit reversible error in refusing to instruct the jury on the lesser-included offense?

II. Do appellant's allegations of ineffective assistance of counsel constitute reversible error?

## ANALYSIS

### I.

Instructions on lesser-included offenses should be submitted to the jury when the evidence provides a rational basis for acquittal on the greater charged offense and conviction on the lesser. *Bellcourt v. State,* 390 N.W.2d 269, 273 (Minn.1986). An offense is a lesser-included offense if one cannot commit the greater offense without also committing the lesser. *See State v. Whisonant,* 331 N.W.2d 766, 769 (Minn.1983). The determination of whether a lesser offense should be submitted is within the trial court's discretion; however, where the evidence warrants such an instruction, the trial court must give it. *Bellcourt,* 390 N.W.2d at 273.

Here, Griffin requested a jury instruction on fifth degree assault, a lesser-included offense of first degree assault. Minn.Stat. § 609.04, subd. 1(1) (1990). The distinguishing element between first and fifth degree assault is whether the assault resulted in great bodily harm. The pivotal issue, therefore, is whether there was a rational basis on which the jury could have found that Griffin's acts did not result in the victim's injury, thus necessitating the lesser-included offense instruction. *See State v. Leinweber,* 303 Minn. 414, 420–22, 228 N.W.2d 120, 125–26 (Minn.1975). Further, the district court need not give a lesser-included offense instruction where there is no break in the chain of events between the defendant's acts of aggression and the great bodily harm. *See, e.g., State v. Russell,* 503 N.W.2d 110,

113 (Minn.1993) (holding that the felony murder rule may encompass a death that occurs after the underlying felony is complete as long as there is no "break in the chain of events between the felony and the killing" (citations omitted)).

The district court has wide discretion in determining when a lesser-included offense instruction is appropriate. In its determination, the court must consider the record as a whole and decide whether the lesser-included offense instruction is appropriate. The court has no obligation to give instructions to the jury on the defendant's theory of the case if that theory is against the overwhelming weight of the evidence. *See State v. Yant,* 376 N.W.2d 487, 492 (Minn.App. 1985), *pet. for rev. denied* (Minn. Jan. 17, 1986) (holding that a shotgun is a deadly weapon and the jury need not be given lesser-included offense instructions on that element); *State v. Danielski,* 374 N.W.2d 322, 325 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 13, 1985) (holding that a stepfather is in a position of authority and the jury need not be given lesser-included offense instructions on that element).

Here, the court reviewed the evidence presented at trial and concluded that the jury could not reasonably have found that the victim's eye injury did not occur in the chain of events started by Griffin's aggression. *See Russell,* 503 N.W.2d at 113. The victim remembered seeing a foot after she fell to the floor. This contradicted Griffin's testimony that he struck her in the back of her head while she lay on the floor and also the theory that her eye injury happened in the course of her fall. While Griffin contended that he acted in self-defense, the jury considered and expressly rejected his self-defense claims. The victim's eye injury was the ultimate result of Griffin's initial act of aggression and the chain of events proceeding from that aggression. Given the evidence as a whole, we cannot conclude that the district court abused its discretion in refusing to give an instruction on fifth degree assault.

### II.

In his pro se brief, Griffin alleges that he was not given effective assistance of

counsel due to the lack of funds to properly investigate his case. This claim, however, must first be raised in a postconviction proceeding before appeal to this court is proper. *Doughman v. State,* 351 N.W.2d 671, 674 (Minn.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984). Second, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) requires that Griffin demonstrate that his assistance of counsel fell below an objective measure of reasonableness and that there was a reasonable probability of a different result. *See also Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Because Griffin has satisfied neither of these requirements, his charge of reversible error fails.

## DECISION

The district court properly exercised its discretion in refusing appellant's request for a lesser-included offense instruction to the jury. Further, we find his claim of ineffective assistance of counsel to be without merit.

**Affirmed.**