**STATE of Minnesota, Respondent,**

v.

**Albert Lamont GRIFFIN,
Petitioner, Appellant.**

No. C4–93–888.

Supreme Court of Minnesota.

June 17, 1994.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul and M. Katherine Doty, Asst. County Atty., Anoka County Government Center, Anoka, for respondent.

## OPINION

KEITH, Chief Justice.

The decisive issue on this appeal by defendant, who was convicted of assault in the first degree, Minn.Stat. § 609.221 (assault involving infliction of great bodily harm), is whether the trial court properly refused a defense request that it submit the lesser-included offense of assault in the fifth degree, Minn. Stat. § 609.224 (simple assault). The court of appeals held that there was no error. *State v. Griffin*, 510 N.W.2d 277, 279 (Minn. App.1994). We hold that there was error and that the error was prejudicial. Accordingly, we reverse the decision of the court of appeals affirming defendant's conviction and remand the case to the district court for a new trial.

Defendant and the complainant met in the spring of 1992 and began living together. They both drank heavily on the day in question and became involved in an argument that escalated from the verbal to the physical.

The state's involvement began when a 911 call was made on complainant's behalf. Police responding to the call found complainant, obviously intoxicated, suffering from a serious injury to her left eye. They also found complainant's son, who had a minor lump or bruise on his forehead. Police were told that

defendant, who had left the scene, had caused the injuries.

Complainant was taken to Hennepin County Medical Center, where she told the ophthalmologist who treated her that defendant had kicked her in the eye and in her stomach area. The doctor apparently found no evidence of injury in the abdominal area but determined that complainant had lost vision in the eye. The doctor later had to remove the eye in order to prevent "sympathetic ophthalmia" or decreased vision in her good eye, which occurs in a small percentage of these cases if the bad eye is not removed.

Although complainant told the doctor that defendant had kicked her in the eye, she told a police investigator a week later that defendant had thrown her to the ground and had kicked *her son* in the head and that was *all* she could remember. She said that she "reckoned" she was unconscious when it happened and that defendant "must have" kicked her.

Complainant at trial claimed no memory loss. Instead, she testified that defendant had grabbed her during an argument, that they had tripped or fallen over a stool, and that defendant, who was wearing tennis or canvas shoes, had kicked her in the left side of her face. She denied that she had pulled a knife or assaulted defendant in any way.

Complainant's son corroborated her testimony, saying that defendant and complainant had been arguing and hitting each other, that they wound up on the floor, and that defendant kicked her, then kicked him once when he intervened. He denied that his mother had pulled a weapon.

Defendant testified that complainant got a small steak knife out of a drawer in the kitchen, that he grabbed her and they fell to the floor in the process, that complainant's son, who was standing between them, fell to the floor with them. Defendant denied that he kicked complainant but testified that he hit her a couple of times, not in the area of her left eye but in the back of her head. He testified that he hit her because he feared she would stab him.

The ophthalmologist who removed complainant's eye testified on direct examination that the injury to the eye could have been caused by defendant's kicking complainant in the eye, as complainant testified. However, he testified on cross-examination that the injury also could have been caused by complainant's eye striking an upturned stool leg when she fell to the floor during her tussle with defendant, as the defense theorized on the basis of complainant's testimony concerning her tripping over the stool and defendant's testimony denying that he hit her or kicked her in the eye area.

The trial court, while submitting self-defense, refused to the submit the lesser-included offense of simple assault. The trial court explained its refusal to submit the lesser offense as follows:

[I]t bears such a great analogy to * * * negligence. Once an assault has commenced, whether or not the defendant himself somehow poked the eye out or whether the eye was poked out in the melee, in some other manner, it is a result of the assault. It flows from the assault, and therefore under the analysis we've been talking about I don't see any rational basis for the conclusion that fifth degree assault could be found.

The jury deliberations began late in the afternoon. The jury retired for the night later that day and resumed deliberations in the morning. The jury asked the trial court a question at 9:55 a.m., as follows:

If accidental injury occurs because of force, does that constitute first degree assault?

The trial court responded by repeating the instructions it originally gave.

The court of appeals, in affirming, rejected defendant's argument that the trial court erred in refusing to submit simple assault. The court of appeals said:

Here, the court reviewed the evidence presented at trial and concluded that the jury could not reasonably have found that the victim's eye injury did not occur in the chain of events started by Griffin's aggression. [Citation omitted.] The victim remembered seeing a foot after she fell to the floor. This contradicted Griffin's testimony that he struck her in the back of her

head while she lay on the floor and also the theory that her eye injury happened in the course of her fall. While Griffin contended that he acted in self-defense, the jury considered and expressly rejected his self-defense claims. The victim's eye injury was the ultimate result of Griffin's initial act of aggression and the chain of events proceeding from that aggression. Given the evidence as a whole, we cannot conclude that the district court abused its discretion in refusing to give an instruction on the fifth degree assault.

510 N.W.2d at 279.

The leading decision dealing with submission of lesser-included offenses is Justice Rogosheske's opinion in *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975). That decision makes it clear that the test is a two-part test: (a) whether the offense in question is an "included" offense under section 609.04, which defines "included" offenses, and (b) whether there is a "rational basis" for the jury to acquit the defendant of the charged or greater offense and convict him of the lesser included offense. *Id.*, 228 N.W.2d at 125–26.

■ We are concerned with the second part of the test. As we have said a number of times, "The mere fact that the jury has the power to acquit irrationally in the teeth of overwhelming evidence of guilt may not be used as the reason for submitting lesser offenses." *State v. Patch*, 329 N.W.2d 833, 836 (Minn.1983). On the other hand, the fact that the defendant's own testimony does not support the theory that he is guilty only of a lesser offense, does not preclude submission if the record on the whole provides a rational basis for acquitting the defendant of the charged offense and convicting him of the lesser offense. *State v. Shannon*, 514 N.W.2d 790, 792 (Minn.1994); *State v. Leinweber*, 303 Minn. 414, 417–19, 228 N.W.2d 120, 123 (1975).

In a case like this one, if there is undisputed expert testimony that the complainant's injury was consistent only with the complainant's testimony and not with the defense theory of the case and if the defense theory of the case is contrary to all the physical evidence, then it may be that there is no rational basis for submitting the lesser included offense. *State v. Patch*, 329 N.W.2d 833, 836–37 (Minn.1983) (summarizing *State v. Malzac*, 309 Minn. 300, 244 N.W.2d 258 (1976)). Moreover, we have said that in the context of a particular case the defendant's testimony or statement may not be sufficient to satisfy the rational basis test if, when viewed in the context of all the evidence, it is so unworthy of belief that the jury could not rationally believe it. *State v. Richardson*, 332 N.W.2d 912, 913 (Minn.1983) (case where defendant admitted sexual contact but not penetration of child but medical and physical evidence established that penetration occurred; *held*, defendant not entitled to submission of criminal sexual conduct in the second degree, which requires only contact and not penetration).

■ The issue for us, as an appellate court—whose role is not to engage in comparative witness credibility assessment—is the legal issue of whether defendant's testimony was so unworthy of belief that no rational jury would be entitled to believe it. The record contains evidence that both complainant and defendant were highly intoxicated; that complainant, by her own admission, may have tripped on a footstool; and that, as the state's own expert admitted, the injury could have been caused by complainant's eye striking an upturned stool leg when she fell to the floor during her tussle with defendant, as the defense theorized. The court of appeals' analysis seems to say that a defendant may be convicted of assault involving infliction of great bodily harm even if the great bodily harm was sustained before the justification for the defendant's using force disappeared. Here the jury may have concluded that defendant was guilty of assault in the first degree based on his admission that he continued to hit complainant after they were on the floor and there was no longer a need to hit her. This conclusion would be erroneous if she sustained great bodily harm earlier, when defendant was acting reasonably in resisting complainant's use of a knife.

In conclusion, defendant's testimony that he did not kick or hit complainant in the eye was not so unworthy of belief that no rational

**4**

jury would be entitled to believe it. Given the evidence, the trial court erred in refusing to submit the lesser-included offense of simple assault. Because we cannot conclude on this record that the error was harmless error, we conclude that defendant is entitled to a new trial. Accordingly, we reverse the decision of the court of appeals affirming defendant's conviction and we remand to the district court for a new trial.

Reversed and remanded for new trial.