**In the Matter of the WELFARE OF Joseph Nathan GIVENS.**

No. 81–282.

Supreme Court of Minnesota.

June 29, 1981.

William R. Kennedy, County Public Defender, and James J. Krieger, Asst. County Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Asst. County Atty., Michael McGlennen, Asst. County Atty., Thomas A. Weist and Anne E. Peek, law clerks, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is an expedited pretrial appeal from an order of the Hennepin County District Court, Juvenile Division, granting the state's motion pursuant to Minn.Stat. § 260.125 (1980) to refer appellant juvenile for prosecution as an adult. Holding that the state established a prima facie case pursuant to section 260.125, subdivision 3, which was unrebutted by appellant, we affirm the reference order.

The conduct for which appellant will be prosecuted occurred early on October 16, 1980, after the recent amendment modifying the provisions of the Juvenile Code governing certification of juvenile offenders for adult prosecution became effective. Act of April 15, 1980, ch. 580, § 7, 1980 Minn.Laws 962, 967.[1] As amended, section 260.125 provides, in subdivision 3, that the state can establish a prima facie case of unamenability and dangerousness simply by proving that at the time of the alleged murder, the juvenile was at least 16 along with one or more additional facts. One such fact is whether the juvenile is charged with first-degree murder. Minn.Stat. § 260.125, subd. 3(2) (1980).

In this case, the state established a prima facie case by showing that appellant was charged with first-degree murder and he was at least 16 at the time of the alleged murder. The state also relied upon subsection 1 of subdivision 3, which provides that

a prima facie case is established if the state proves that the juvenile is charged with an aggravated felony that was committed with particular cruelty or disregard for the safety or life of another and the juvenile was at least 16 at the time.

Appellant did not introduce any significant evidence bearing on the issue of amenability or dangerousness.

Thus, this is a case in which reference was based on the state's establishing an unrebutted prima facie case. The statute clearly authorizes reference in such a situation, and we affirm the reference order.

Affirmed and remanded for trial.

1. For an analysis of this and other amendments to the Juvenile Code, see Feld, *Juvenile Court Legislative Reform and the Serious Young Of-* fender: *Dismantling the "Rehabilitative Ideal,"* 65 Minn.L.Rev. 167 (1981).