In the Matter of the WELFARE OF
J. F. K.

No. 81–1202.

Supreme Court of Minnesota.

March 8, 1982.

Lyndon L. Kratochwill, Elbow Lake, Kent D. Marshall, Barrett, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Barbara D. Gill, Spec. Asst. Attys. Gen., St. Paul, Jon Stafsholt, County Atty., Elbow Lake, for respondent.

PETERSON, Justice.

This is a pretrial appeal, with permission of this court, by a juvenile from an order of a three-judge district court appeal panel affirming the decision of a county court juvenile judge certifying the juvenile for adult prosecution on a charge of second-degree (intentional) murder in the killing of his girlfriend early on May 17, 1981. The appeal raises the issue of whether the juvenile court erred in determining that there was probable cause for the prosecution and

that appellant was unamenable to treatment in the juvenile court system consistent with the public safety. We hold that the juvenile court did not clearly err in any of its findings or abuse its discretion in its determination of the issues, and we therefore affirm the district court's order affirming the juvenile court's decision to certify and we remand for trial.

■ 1. Appellant's basic argument concerning the issue of probable cause is that the state will not be able to prove his guilt beyond a reasonable doubt. The juvenile court was faced not with the issue of whether there was proof beyond a reasonable doubt but whether there was probable cause to believe appellant committed intentional murder. *Cf. State v. Potter*, 288 N.W.2d 713 (Minn.1980). (In determining whether police violated a defendant's fourth amendment rights when they arrested him for assault, the key issue is whether police had probable cause to arrest defendant for assault, not whether the state could prove beyond a reasonable doubt that defendant was guilty of assault.) Keeping this distinction in mind, we uphold the juvenile court's determination.

■ 2. Appellant's other contention is that the state's evidence failed to establish clearly and convincingly that he is unamenable to treatment in the juvenile court system consistent with the public safety.

The conduct for which appellant will be prosecuted occurred after the recent amendment modifying the provisions of the Juvenile Code governing certification of juvenile offenders for adult prosecution became effective. Act of April 15, 1980, c. 580, § 7, 1980 Minn.Laws 962, 967. As amended, Minn.Stat. § 260.125, subd. 3 (1980), provides that the state can establish a prima facie case of unamenability and dangerousness simply by proving that at the time of the alleged act the juvenile was at least 16 along with one or more additional facts. One such fact is whether the juvenile is charged with an aggravated felony that was committed with particular cruelty or disregard for the safety or life of another. Minn.Stat. § 260.125, subd. 3(1) (1980).

Recently, in *In re the Welfare of Givens*, 307 N.W.2d 489 (Minn.1981), we affirmed a reference based on an unrebutted prima facie case. The statute clearly authorizes reference in such a situation.

In this case the state established a prima facie case but the defense introduced substantial evidence rebutting the prima facie case. It was thus up to the juvenile court to decide whether the state had met its burden of proof by clear and convincing evidence on the basis of the entire record and not by reference to the prima facie case. Feld, *Juvenile Court Legislative Reform and the Serious Young Offender: Dismantling the "Rehabilitative Ideal,"* 65 Minn.L.Rev. 167 (1981).

The juvenile court concluded that the state had met this burden, and the district court affirmed that determination. We conclude that the juvenile court was correct in its findings and did not abuse its discretion in determining that appellant was not suitable to treatment and that the public safety would not be served under the provisions of law relating to the juvenile court system. We therefore affirm the district court's order affirming the juvenile court's reference order.

Affirmed and remanded for trial.