**In the Matter of the WELFARE OF S.R.L., Child.**

**No. C8–86–1295.**

Court of Appeals of Minnesota.

Feb. 10, 1987.

Review Denied March 25, 1987.

Kimball D. Mattson, Larry A. Kimball, Finn & Mattson, Walker, for appellant.

Thomas J. Keyes, Beltrami Co. Atty., Shari Rae Schluchter, Asst. Co. Atty., Bemidji, for the State.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

### OPINION

SEDGWICK, Judge.

S.R.L. appeals a pre-trial order of reference for prosecution as an adult on a charge of first degree murder. The trial court found him unsuitable for treatment within the juvenile system and that the public safety would not be served by proceeding in juvenile court. We affirm and remand for trial.

## FACTS

S.R.L., born June 6, 1968, killed Dennis Hartman with a .357 magnum revolver on May 4, 1986, just after midnight. The killing occurred outside the home of S.R.L.'s ex-girlfriend, Kari Hartman.

On the night of May 3rd, appellant, accompanied by four girls, drove to the Hartman house, hoping Carol Hartman, Kari's mother, would buy him some beer. She refused. S.R.L. attempted to leave, but his car became stuck in the muddy yard. While Carol Hartman called her husband for help, S.R.L. and Kari argued, and he hit Kari in the mouth.

When Dennis Hartman arrived and learned his daughter had been struck, he scuffled with S.R.L. in front of the four girls. Things settled down and Hartman and S.R.L. attempted to extricate the car. As they discussed what to do next, S.R.L., on the pretext of using the bathroom, slipped into the house, took a revolver from Mrs. Hartman's bedroom and shot Dennis Hartman in the back of the head at close range.

S.R.L. was one month shy of his 18th birthday when he shot and killed Dennis Hartman. He had graduated from Red Lake High School, where he was a school leader. He excelled in sports and played on school teams in football, basketball and baseball. S.R.L. received athletic scholarship offers from several colleges, although his grades were in the "B"–"C" range. His high school principal thought highly of him and said he was consistently friendly and cooperative. A coach characterized S.R.L. as a hard-worker, but said he had a temper.

Although S.R.L. planned to attend college, the examining psychologist, Dr. Zimmerman, reported appellant had borderline intellectual capacity and was likely to encounter significant problems in college. Dr. Zimmerman's overall assessment was that S.R.L. was best treated in the juvenile system.

> My feeling is that [S.R.L.] should be placed in a juvenile facility in which there would be a combination of individual counseling or psychotherapy, probably also some group counseling or psychotherapy, and also that he would be in a setting that would be very well geared to emphasize responsible behavior. * * * I think there'd have to be emphasis on his avoiding the use of the alcohol and other drugs. I think there would have to be an emphasis on his developing *ways to deal with anger in a mature and reasonable way.* I think that with further maturity, that he had the capacity to be a responsible citizen.

(Emphasis added.) He also believed appellant could be treated in a year. S.R.L. had no prior juvenile record.

## ISSUE

Did the trial court err by referring appellant to the adult system?

## ANALYSIS

▪ For purposes of the reference hearing, the charges are assumed to be true. *In re the Welfare of S.R.J.*, 293 N.W.2d 32, 35 (Minn.1980). Therefore, for the purposes of this reference hearing it is assumed to be true that S.R.L. intentionally and with premeditation killed Dennis Hartman.

▪ The trial court has broad discretion in referrals for adult prosecution and reversal can be justified only if the court's decision was clearly erroneous. *In re Welfare of K.J.K.*, 357 N.W.2d 117, 119 (Minn.Ct. App.1984).

Since probable cause was established by the petition, the State must show

> *by clear and convincing evidence* that the child is not suitable to treatment or that the public safety is not served under the provisions of laws relating to juvenile courts.

Minn.Stat. § 260.125, subd. 2(d)(2) (1984) (emphasis added).

The statute further provides that a prima facie case that the public safety is not served or that the child is not suitable for treatment shall be established if the child was at least 16 years of age at the time of

the alleged offense and if the offense alleged is murder in the first degree. Minn. Stat. § 260.125, subd. 3(2). A prima facie case was made against S.R.L.

The defense must rebut the prima facie case with "significant evidence." Minn.R. P.Juv.Cts. 32.05, subd. 2. The prosecution then has the burden of proof, by "clear and convincing" evidence, that the child is not suitable for treatment or that the public safety is not served under the provisions of the laws relating to juvenile courts. *Id.* In evaluating evidence under the clear and convincing standard, the court must consider the totality of the circumstances. *Id.*

Here, the juvenile court disregarded Dr. Zimmerman's opinion that S.R.L. could be successfully counseled as to his temper and use of alcohol and that he would then be very unlikely to commit such an act again. The court's memorandum emphasized the facts of the offense, which indicated S.R.L. was neither highly intoxicated nor unduly provoked, and that a significant time had elapsed between the provocation and the murder. The court stated:

> Thus, he shouldn't have been acting out of fear for his safety nor from an immediate emotional response to a humiliating attack. This court simply can't accept the argument that such an act could have been committed by a pretty good kid who had a few drinks and just overreacted to being embarrassed.

Appellant argues that certification is not permitted because dangerousness must be proved by direct evidence of acts outside of the present offense. *See In re Welfare of Dahl*, 278 N.W.2d 316 (Minn. 1979). *Dahl* does have such a requirement and has not been expressly overruled. However, the supreme court has addressed the same issue on similar facts in *In re the Welfare of J.F.K.*, 316 N.W.2d 563, 564 (Minn.1982), and it concluded:

> The conduct for which appellant will be prosecuted occurred after the recent amendment modifying the provisions of the Juvenile Code governing certification of juvenile offenders for adult prosecution became effective. Act of April 15,

1980, c. 580, § 7, 1980 Minn. Laws 962, 967. As amended, Minn. Stat. § 260.125, subd. 3 (1980), provides that the state can establish a prima facie case of unamenability and dangerousness simply by proving that at the time of the alleged act the juvenile was at least 16 along with one or more additional facts. One such fact is whether the juvenile is charged with an aggravated felony that was committed with particular cruelty or disregard for the safety or life of another. Minn. Stat. § 260.125, subd. 3(1) (1980).

We conclude that the amendment to the Juvenile Code in 1980, and the supreme court's reasoning in *J.F.K.*, implicitly overrule *Dahl*.

In this case, as in *J.F.K.*, the State established a prima facie case but the defense introduced substantial evidence rebutting the prima facie case. It was thus up to the juvenile court to decide whether the State had met its burden of proof by clear and convincing evidence on the basis of the entire record and not by reference to the prima facie case. *J.F.K.*, 316 N.W.2d at 564 (citing Feld, *Juvenile Court Legislative Reform and the Serious Young Offender: Dismantling the "Rehabilitative Ideal,"* 65 Minn. L. Rev. 167 (1981)).

We believe the juvenile court did not err in its findings and order.

## DECISION

The trial court did not abuse its discretion in determining that appellant was not suitable to treatment in the juvenile system and that the public safety would not be served under the juvenile court system.

The order of reference is affirmed and the matter remanded for trial.