STATE of Minnesota, Respondent,

v.

**William WHISONANT, Appellant.**

No. C4–81–1341.

Supreme Court of Minnesota.

April 8, 1983.

---

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

WAHL, Justice.

Defendant was charged in district court with two counts of attempted first-degree murder, two counts of assault in the second degree, unlawful possession of methadone, and unlawful possession of methadone with intent to distribute. The trial court dismissed the charge of possession with intent to distribute. The jury found defendant guilty of one count of attempted first-degree murder and one count of assault in the second degree and acquitted defendant of the remaining three charges. The presumptive sentence for attempted first-degree murder by a person with defendant's criminal history score (four) is 146 (139–153) months in prison. The trial court sentenced defendant to 131 months in prison.

On this appeal from judgment of conviction and the order denying his post-trial motion, defendant seeks an outright reversal of his convictions on the ground that the evidence was legally insufficient. Alternatively, he seeks a new trial on the ground that he was prejudiced by (a) the wrongful admission of the methadone, which he contends was unlawfully seized, (b) the prosecutor's improper elicitation of certain evidence of statements defendant made to the police, and (c) improper statements made by the prosecutor in his closing argument. Failing any other relief, defendant seeks vacation of his assault conviction on the ground that it violates Minn.Stat. § 609.04 (1982). We affirm.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient to establish intent to shoot or kill.

The state's evidence established that, without any justification, defendant fired a pen gun containing a single .38-caliber bullet at two police officers who stopped to investigate a minor collision defendant's car had had with a parked vehicle. One of the two officers was only 12 feet from defendant at the time of the shooting and he testified that he felt particles from the discharge hit him on the face and arms. The other officer, who was 24 feet away but in the line of fire, felt the displacement of air caused by the shooting. The jury acquitted defendant of charges that he assaulted and attempted to kill the latter officer, but found him guilty of the same charges with respect to the officer who was standing 12 feet away.

Defendant now contends that the evidence that he intended to shoot the officer in question or kill him was legally insufficient.

■ Intent must be determined from all the objective facts and circumstances, including the defendant's conduct and/or statements at the time of the act. We hold that defendant's intent was inferable from his conduct and the surrounding circumstances. The jury properly rejected defendant's contention that the shooting was accidental.

■ 2. Defendant makes three arguments in support of his alternative contention that he should be given a new trial.

(a) First, he argues that the trial court prejudicially erred in refusing to suppress the drugs seized from the trunk. We hold that the search was justified pursuant to the automobile exception to the search warrant requirement. Pursuant to that exception, police are justified in searching a motor vehicle, including the trunk, if they have probable cause to believe that the search will result in a discovery of evidence. See State v. Veigel, 304 N.W.2d 900 (Minn. 1981), and cases cited therein. In this case the defendant, without any apparent motive, had fired a shot at one or both of the officers. The officers were justified in assuming that they might find evidence in the car that would further connect defendant to the shooting or, at least, might help establish a motive for the shooting. The fact that the officers did not cite the automobile exception as justification for the search at the omnibus hearing does not bar reliance on this exception in sustaining the search. Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); State v. Ludtke, 306 N.W.2d 111 (Minn.1981). Because of our holding, we need not address the issue of whether the search might have been justified under other exceptions to the warrant requirement.

(b) Defendant next contends that he was prejudiced by the admission of evidence in violation of the *Miranda* rule. We do not decide whether error was committed because we are satisfied that if there was error it was not prejudicial.

(c) Defendant's final claim of trial error is the prosecutor's closing argument. Defense counsel did not object to the statement in question, choosing instead to respond to it in closing argument. Accordingly, defendant must be deemed to have forfeited his right to have the issue considered on appeal.

3. Defendant's final contention is that his conviction of assault in the second degree (assault with a dangerous weapon) should be vacated pursuant to Minn.Stat. § 609.04 (1982), which forbids two convictions of the same offense or of one offense and a lesser included offense on the basis of the same criminal act. *State v. Kemp,* 305 N.W.2d 322, 325 (Minn.1981). In applying the statute the court must look at the statutory definitions rather than the facts in the particular case to determine whether the lesser offense is necessarily included. An example of this approach is *LaMere v. State,* 278 N.W.2d 552, 557–58 (Minn.1979), which held that the offense of pointing a gun at a human being is not a lesser included offense of assault with a dangerous weapon. One can commit attempted murder in the first degree without committing the offense of assault in the second degree. Therefore, assault in the second degree is not a necessarily included offense of attempted first-degree murder, and defendant is not entitled to vacation of the assault conviction pursuant to section 609.04. *State v. Gayles,* 327 N.W.2d 1, 3 (Minn. 1982).

It is also clear that the two offenses are not the "same offense" for the purposes of applying the double jeopardy clause of the federal constitution. For full discussion see *State v. Gant,* 305 N.W.2d 790, 792–93 (Minn.1981).

Affirmed.