STATE of Minnesota, Respondent,

v.

David E. McBRIDE, Appellant.

No. CX–84–385.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg Anderson, Sp. Asst. Atty. Gen., St. Paul, Wayne Swanson, Polk Co. Atty., Crookston, for respondent.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant David E. McBride was convicted by a jury of burglary in the second

degree, Minn.Stat. § 609.582, subd. 2 (Supp.1983) and § 609.05, subd. 1 (1982). He contends the trial court erred in admitting a statement he made to the arresting officer that he would talk if the charge was reduced to theft. He also claims the evidence was insufficient, and that a pretrial ruling allowing the State to impeach him through his prior convictions was error. We affirm.

## FACTS

At 3:00 a.m. on August 21, 1983, Pastor Clayton Doss heard a strange noise coming from the home of his next door neighbor, Larry Peterson. Peterson was visiting relatives in North Dakota at the time. After hearing glass breaking, Pastor Doss called the police. The police arrived promptly. They determined that no one was in the house although someone had broken in the glass of the dining room window, rifled through drawers, and used the bathroom. They observed a wine decanter and a wooden clock and pieces of fruitcake scattered among the glass on the dining room floor just below the broken window. A stereo had been removed from a bedroom and left in the hallway. They also found a full, still slightly chilled can of Pabst beer in the house and other cans of Pabst were found in the refrigerator.

McBride was picked up about 1½ blocks from the Peterson home shortly after the police investigated the Peterson break-in. Wayne Cameron was also picked up nearby. The two were the only individuals seen by officers in the vicinity of Peterson's home.

McBride was asked for identification and produced a driver's license. The officer noticed McBride had skinned his elbow and had blood and small cuts on his arm. He was wearing a short-sleeve t-shirt. The officer also noticed that McBride had the odor of alcohol on his breath. He said that he was looking for his friend "Chuck," but he didn't know Chuck's last name or where Chuck lived. McBride was then placed under arrest.

After he was given a *Miranda* warning at the correction center, McBride was asked if he wanted to talk. He stated if the charges were dropped to theft, he would talk. He also stated that, if a deal could be made, he would talk about it. The officer responded that it was not in his authority to make any arrangements.

A subsequent investigation showed a footprint in a flowerbed underneath the window that had been broken in matched the shoes that McBride had been wearing when arrested. At trial, McBride presented no evidence. The trial court had earlier ruled that evidence of McBride's prior felony convictions was admissible as impeachment. He was convicted of burglary in the second degree as charged.

## ISSUES

1. Did the trial court err in admitting McBride's statement that he would talk if the charge was reduced to theft?

2. Was the evidence sufficient to convict?

3. Did the trial court abuse its discretion in its pretrial ruling allowing the State to impeach McBride through prior felony convictions if he testified?

## ANALYSIS

1. McBride claims a statement he made to an officer at the police station just after his arrest was improperly introduced at trial. When Officer Qualley finished reading the *Miranda* warning, he asked McBride if he wanted to talk about the burglary. Qualley testified McBride said that, if the charges were dropped to theft, he would talk about it.

On appeal, McBride argues that admission of that statement at trial violated Minn.R.Evid. 410. That rule provides:

Evidence of a plea of guilty, later withdrawn, or a plea of nolo contendre or of an offer to plead guilty or nolo contendre to the crime charged or any other crime or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil, criminal, or

administration action, case, or proceeding whether offered for or against the person who made the plea or offer.

*See also* Minn.R.Crim.P. 15.06 (when guilty plea withdrawn or not accepted, the plea discussions are not to be received in evidence).

 McBride's statement following the reading of the *Miranda* warning is neither a plea of guilty nor an offer to plead guilty. A guilty plea is an admission of all the elements of the crime charged. *United States v. Robertson,* 582 F.2d 1356, 1368 (5th Cir.1978). One could consider this a plea bargain negotiation or discussion only by a tortured interpretation of McBride's statement. Nowhere does he indicate he is offering to plead guilty; he only indicates that he is willing to consider talking.

McBride's statement does not even rise to the level of a "bargained confession." *Id.* at 1365–66. It is merely a gratuitous statement to a police officer in response to a question. Considering McBride's many prior experiences in the criminal justice system, he knew (or should have known) the police officer who reads one's *Miranda* rights is not in a position to negotiate the level of criminal charges against an accused. Minn.R.Evid. 410 does not prohibit the admission of McBride's statement which was otherwise lawfully obtained (he is not challenging the statement as the product of an invalid waiver to the *Miranda* warning).

2. McBride contends the evidence was insufficient to support his conviction of burglary. We do not agree. There is ample evidence supporting the jury's verdict that McBride was involved in the burglary of the Peterson home.

3. Finally, McBride contends the trial court abused its discretion in a pretrial ruling which would have allowed the State to impeach him with a 1979 aggravated criminal damage to property conviction, two 1980 burglary convictions, and two 1982 burglary convictions had he testified. McBride chose not to testify. Minn.R.Evid. 609(a) allows use of prior felony convictions

to impeach. Under the balancing test adopted in *State v. Jones,* 271 N.W.2d 534, 537–38 (Minn.1978), we find no abuse of discretion here.

## DECISION

McBride was properly tried and convicted of burglary in the second degree.

Affirmed.