**STATE of Minnesota, Respondent,**

v.

**Martin J. SPECHT, Appellant.**

**No. C6–83–874.**

Supreme Court of Minnesota.

Dec. 21, 1984.

C. Paul Jones, Public Defender, Mark Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, St. Paul, Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

COYNE, Justice.

Defendant was charged with making or aiding and abetting the making of a terroristic threat, Minn.Stat. §§ 609.05 and 609.-713 (1982), for his role in an August 1982 racial incident in a Duluth neighborhood that culminated in the burning of a sheet-covered wooden cross. Defendant's first

trial ended in a hung jury, the second in a conviction. The trial court sentenced defendant to 1 year and 1 day in prison but stayed execution of the sentence and placed defendant on probation for 3 years, the first 6 months to be served in jail. On this appeal from judgment of conviction, defendant contends that he should be given a new trial because (1) the trial court erred in refusing to let defense counsel demonstrate to the jury that a photographic display containing defendant's picture was suggestive and that therefore the identification of defendant by an eyewitness who viewed the display was unreliable, and (2) the trial court erred in refusing to submit the lesser offenses of disorderly conduct and unlawful assembly, Minn.Stat. §§ 609.-72, subd. 1(1, 3) and 609.705 (1982). We affirm.

■ 1. We agree with defendant that the trial court should have admitted the photographic display. The fact that the display was not so suggestive as to create a very substantial likelihood of irreparable misidentification, *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), did not bar defendant from attacking the eyewitness' identification of defendant by showing the jury that the display from which the witness first identified defendant was suggestive. *Watkins v. Sowders,* 449 U.S. 341, 347, 101 S.Ct. 654, 658, 66 L.Ed.2d 549 (1981); *Manson v. Brathwaite,* 432 U.S. 98, 114, n. 14, 97 S.Ct. 2243, 2252 n. 14, 53 L.Ed.2d 140 (1977); Minn.R. Evid. 104(e). However, any error in refusing to admit the evidence was nonprejudicial for a number of reasons, in particular that a number of other eyewitnesses, including those who were with defendant before the incident, positively identified defendant as an active participant in the criminal conduct.

■ 2. Defendant's other contention is that the trial court erred in refusing to submit lesser offenses to the jury. The offenses—disorderly conduct and unlawful assembly—clearly are *lesser* offenses but are not *necessarily included* offenses under the approach we have taken in applying

Minn.Stat. § 609.04 (1982). *State v. Frost,* 342 N.W.2d 317 (Minn.1983); *State v. Whisonant,* 331 N.W.2d 766 (Minn.1983). As stated in *Frost,* "[O]ne must look at the statutory definitions rather than the facts in the particular case to determine whether the lesser offense is necessarily included." 342 N.W.2d at 323. Since one can commit the charged offenses without committing either of the lesser offenses, the lesser offenses are not necessarily included within the charged offense. Accordingly, the trial court properly refused to submit the lesser offenses.

Affirmed.