**STATE of Minnesota, Respondent,**

**v.**

**Sachet GILBERT, Petitioner, Appellant.**

**No. C4–88–2545.**

Supreme Court of Minnesota.

Dec. 8, 1989.

C. Paul Jones, State Public Defender, Cathryn Middlebrook, Asst. State Public Defender, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Thomas L. Johnson, Hennepin County Atty., Mark V. Griffin, Asst. County Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant, Sachet Gilbert, was found guilty by a district court jury of attempted second-degree intentional murder. Although the presumptive sentence for the offense by one with his criminal history score was 128 months, defendant was sentenced by the trial court to 240 months, or 20 years, in prison, the statutory maximum for attempted second-degree intentional murder. In an unpublished decision, the court of appeals affirmed defendant's conviction against a claim that the evidence was insufficient to prove intent to kill and also affirmed the upward durational departure. We granted defendant's petition for review for the limited purpose of reducing his sentence.

Defendant and the victim, A.H., had lived together off and on for a number of years. Defendant had physically abused A.H. on a number of occasions. Defendant and A.H. spent the afternoon and evening of May 4, 1988, drinking large amounts of liquor and smoking crack cocaine, something they did once or twice a week. Other people were present and participating. Late in the evening, defendant and A.H. began to quarrel. Defendant put the hot end of the crack pipe against A.H.'s arms a couple times, causing minor burns. A.H. went to the kitchen, apparently to get a knife, and defendant said that he was going to "mess her up." As she was reaching for the knife, A.H. felt a cool liquid splash against the left side of her face and on her shirt. The liquid was rubbing alcohol (70% isopropyl alcohol and 30% water), something they used in smoking crack cocaine. She turned and saw defendant rip off a piece of a paper bag, light it and throw it at her. This caused the alcohol vapors to ignite, burning her face, hair, shoulder and arm. A.H. grabbed the sprayer from the kitchen sink and quickly extinguished the fire on her face and hair. She removed her shirt and rolled on the carpet to extinguish the fire in her shoulder area.

Defendant left after the incident, but later appeared and was arrested at the hospital where A.H. had been taken. It was determined at the hospital that A.H. had burns over 15% to 20% of her body. The burns on her face and hair were second-degree burns that did not require skin-grafting and, according to the doctor, her face "healed reasonably well." The burns on part of her shoulder and forearm, however, were more serious third-degree burns requiring skin-grafting. The doctor testified that perhaps 5% to 10% of the people who receive burns of A.H.'s severity die and that it certainly was possible that defendant's conduct could have killed her.

The state charged defendant with attempted first-degree premeditated murder, attempted second-degree intentional murder, assault in the first degree, and assault in the second degree. The jury acquitted defendant of attempted first-degree premeditated murder, but found him guilty of the other offenses.

A reading of the record makes it clear that defendant not only intended to maim A.H., but that he had a depraved mind and acted without regard for her life. Indeed, defendant's conduct can only be described as horrendous and outrageous. However, one cannot read the record without also realizing that the issue of whether defendant actually intended to kill A.H., rather than just maim her, is a close issue. While we are unwilling to say that the evidence of actual intent to kill was legally insufficient to sustain the conviction of attempted second-degree intentional murder, we have concluded that, because of the closeness of the issue, it would serve the interests of justice to reduce defendant's sentence to 130 months, or double the maximum presumptive sentence of 65 months, as if defendant had been convicted of the lesser offense of attempted third-degree depraved mind murder.

In summary, we affirm defendant's conviction of attempted second-degree intentional murder, but we reduce his sentence for that offense to 130 months.

Affirmed as modified.