*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1869**

State of Minnesota,
Respondent,

vs.

Brian Matthew Husnick,
Appellant.

**Filed September 8, 2015
Affirmed
Toussaint, Judge**[*]

Ramsey County District Court
File No. 62-CR-13-9640

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**TOUSSAINT**, Judge

Appellant Brian Matthew Husnick challenges his conviction of four counts of attempted criminal sexual conduct, arguing that the circumstantial evidence introduced to prove intent was insufficient to convict him under the heightened scrutiny test applied to circumstantial evidence cases. We affirm because we conclude that the only reasonable inference to be drawn from the circumstances proved is that appellant intended to commit criminal sexual conduct.

## D E C I S I O N

When reviewing the sufficiency of the evidence, we thoroughly review the record to determine whether the trier of fact could have reasonably concluded that the defendant was guilty beyond a reasonable doubt. *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010). The verdict will be upheld if the jury could have reasonably found the defendant guilty, "giving due regard to the presumption of innocence and to the state's burden of proof beyond a reasonable doubt." *Id.* (quotation omitted).

Appellant asserts that there was insufficient evidence to convict him of any of the charges against him. Appellant was convicted of two counts of attempted first-degree and two counts of attempted second-degree criminal sexual conduct.[1] "Whoever, with

---

[1] The statutes pursuant to which appellant was found guilty provide:

> **Minn. Stat. § 609.342, subd. 1(c) (2012):**
> "A person who engages in sexual penetration with another person [under] circumstances [that,] at the time of the act[,] cause the complainant to have a reasonable fear of imminent

intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime." Minn. Stat. § 609.17, subd. 1 (2012). In order for appellant's conviction to stand, there must be sufficient proof beyond a reasonable doubt that appellant intended to sexually penetrate and sexually contact E.C. and took a substantial step toward committing those acts. Appellant asserts that there was insufficient evidence to show that he had the intent to sexually penetrate or sexually contact E.C. and that there was insufficient evidence to show that he had taken a substantial step toward committing those acts.

---

great bodily harm to the complainant or another" commits first-degree criminal sexual conduct.

**Minn. Stat. § 609.342, subd. 1(e)(i) (2012):**
"A person who engages in sexual penetration with another person [and] the actor causes personal injury to the complainant, and . . . the actor uses force or coercion to accomplish sexual penetration" commits first-degree criminal sexual conduct.

**Minn. Stat. § 609.343, subd. 1(c) (2012):**
"A person who engages in sexual contact with another person [under] circumstances [that,] at the time of the act[,] cause the complainant to have a reasonable fear of imminent great bodily harm to the complainant or another" commits second-degree criminal sexual conduct.

**Minn. Stat. § 609.343, subd. 1(e)(i) (2012):**
"A person who engages in sexual contact with another person [and] the actor causes personal injury to the complainant, and . . . the actor uses force or coercion to accomplish sexual contact" commits second-degree criminal sexual conduct.

## A.    Intent

"Because intent is a state of mind," it is generally proved by circumstantial evidence. *State v. Essex*, 838 N.W.2d 805, 809 (Minn. App. 2013), *review denied* (Minn. Jan. 21, 2014); *see also State v. Welch*, 675 N.W.2d 615, 619 (Minn. 2004); *State v. Collins*, 580 N.W.2d 36, 44 (Minn. App. 1998), *review denied* (Minn. July 16, 1998). "A conviction based on circumstantial evidence warrants stricter scrutiny." *State v. Smith*, 619 N.W.2d 766, 769 (Minn. App. 2000), *review denied* (Minn. Jan. 16, 2001). While the law does not prefer direct evidence to circumstantial evidence, *see* 10 *Minnesota Practice*, CRIMJIG 3.05 (2006), a conviction based on circumstantial evidence requires that the circumstances proved be consistent with an appellant's guilt and inconsistent with any other rational or reasonable hypothesis, *State v. Clark*, 755 N.W.2d 241, 257 (Minn. 2008); *see also State v. Tscheu*, 758 N.W.2d 849, 857 (Minn. 2008) (emphasizing that the state's evidence need not exclude all inferences other than guilt but must exclude "all *reasonable* inferences other than guilt").

To determine whether the circumstances proved are consistent with appellant's guilt and inconsistent with any other reasonable hypothesis, the court applies a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, the court determines the circumstances proved, giving due deference to the fact-finder and construing the evidence in the light most favorable to the verdict. *Id.* at 598-99. Second, the court determines whether the circumstances proved are consistent with guilt and inconsistent with any other rational or reasonable hypothesis. *Id.* at 599; *Tscheu*, 758 N.W.2d at 857. This analysis requires that the court look at the circumstances proved not

4

as isolated facts but rather as a "complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude . . . any reasonable inference other than guilt." *Al-Naseer*, 788 N.W.2d at 473. This analysis gives "no deference to the fact finder's choice between reasonable inferences." *Silvernail*, 831 N.W.2d at 599 (quotation omitted).

Criminal sexual conduct is a general intent crime. *See State v. Wenthe*, 865 N.W.2d 293, 302 (Minn. 2015) ("Generally, criminal sexual conduct offenses require only an intent to sexually penetrate. . . ."). But to convict appellant of attempt, the state had to prove that appellant had the *specific intent* to sexually penetrate or sexually contact E.C. *See Welch*, 675 N.W.2d at 619. "Intent must be determined from all the objective facts and circumstances, including the defendant's conduct and/or statements at the time of the act." *State v. Whisonant*, 331 N.W.2d 766, 768 (Minn. 1983). "The intent of the actor . . . [is] the focal point for inquiry[,]" not the effect of the actor's actions on the victim. *State v. Hough*, 585 N.W.2d 393, 396 (Minn. 1998) ("While it is true that the effect of the assault on the victim is frequently introduced at trial as evidence of the defendant's intent, it is not essential for a conviction under the statute.").

When viewed in the light most favorable to the verdict, the following circumstances were proved at trial (and undisputed):

- Appellant sat across the aisle from E.C. on a bus for 10 to 20 minutes, repeatedly looking at her legs.

- E.C. attempted to get appellant to stop looking at her legs, her attempts angered appellant, and he reacted conspicuously by exhaling loudly and hitting his hand against his leg.

5

- When E.C. exited the bus, and after a brief pause, appellant followed E.C. off the bus.

- Appellant followed behind E.C. in the street, pretending to talk on the phone.

- When E.C. walked into an area with fewer people, appellant rushed her from behind, running after her.

- E.C. attempted to run away, dropping all of her belongings as she fled, but appellant was able to catch her and grab her from behind.

- E.C. offered appellant all of her belongings, and appellant commanded that she "shut up."

- Appellant choked E.C., and E.C. could not breathe.

- E.C. struggled.

- Appellant dragged E.C. to a parked van, shielding E.C. and himself from public view.

- Appellant commanded that E.C. get on her knees and forcibly pushed her forward.

- E.C. fell to her knees.

- E.C. scratched appellant's eye.

- Appellant fled.

Appellant argues that these circumstances do not "establish beyond a reasonable doubt that Appellant had the intent to commit . . . sexual assault[]." Appellant asserts that "[a]lthough E.C. believed that Appellant was attempting to rape her, her fear . . . could not, and did not, establish Appellant's intent." Appellant argues that an alternative

reasonable inference that could be drawn from the evidence is that appellant intended to physically assault E.C.

We conclude that the evidence, when viewed not as isolated facts but rather as a "complete chain [and] in view of the evidence as a whole" leads to only one reasonable conclusion: appellant intended to sexually assault E.C. *See Al-Naseer*, 788 N.W.2d at 473. Sexual intent generally must be inferred from the nature of a defendant's conduct or actions. Appellant's actions of staring at E.C.'s legs for 10 to 20 minutes and his command for her to get down on her knees is consistent with the inference that he was acting with sexual intent. Further, appellant did not take or demand any of E.C.'s belongings, and he moved E.C. to a more secluded location. These actions are inconsistent with robbery or assault and, combined with the actions discussed above, lead to the only plausible inference that appellant intended to sexually assault E.C. Any other inference is irrational.

Therefore, the record evidence presented by the state was sufficient for the jury to conclude that appellant intended to sexually penetrate and sexually contact E.C.

**B.      Substantial Step**

Appellant also challenges his conviction claiming that he did not take a substantial step toward the commission of attempted criminal sexual conduct. Appellant took a substantial step toward committing first- and second-degree criminal sexual conduct if he took a substantial step toward: (1) causing E.C. personal injury; (2) causing E.C. to reasonably fear imminent great bodily harm; and (3) using force or coercion. Minn. Stat.

7

§§ 609.342, subds. 1(c), (e)(i); .343, subds. 1(c), (e)(i); *see also Dale v. State*, 535 N.W.2d 619, 623 (Minn. 1995).

It is undisputed that appellant caused E.C. injury, both to her knees when he pushed her to the ground and to her neck when he choked her; that E.C. reasonably feared imminent great bodily harm; and that appellant used force, choking her to keep her quiet, forcibly moving her behind the van, and pushing her to her knees. Thus, the evidence supports a substantial step toward the offense of criminal sexual conduct.

**Affirmed.**