*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1059**

State of Minnesota,
Respondent,

vs.

Hoshiar A. Sadiq,
Appellant.

**Filed May 9, 2016
Affirmed
Peterson, Judge**

Dakota County District Court
File No. 19HA-CR-14-2004

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Tori K. Stewart, Assistant County Attorney, Hastings, Minnesota (for respondent)

James S. Silen, Isanti, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from a conviction of fifth-degree criminal sexual conduct, appellant argues that his conviction must be reversed because the evidence was insufficient to prove sexual contact or sexual intent. We affirm.

## FACTS

The victim, C.E., reported to police that a man accosted her and rubbed his groin and erect penis against her left leg when she had stopped to make a phone call during a bike ride in a park. Following an investigation, appellant Hoshiar Sadiq was arrested and charged with one count of gross-misdemeanor fifth-degree criminal sexual conduct in violation of Minn. Stat. § 609.3451, subd. 1(1) (2012), and one count of gross-misdemeanor fifth-degree assault in violation of Minn. Stat. § 609.224, subd. 1(2) (2012). Sadiq waived his right to a jury trial, and the case was tried to the court.

At trial, C.E. testified that, while she was stopped, a man, later identified as Sadiq, was jogging and approached her bike and asked her if she wanted to join his exercise group. C.E. responded that she did not jog or run. Sadiq said that he would run alongside her bike, C.E. said that she was married, and Sadiq said that was okay because he had a girlfriend. Sadiq repeatedly asked C.E. for her phone number, but she did not give it to him. Sadiq then bent down and used a rock to scratch his number into the pavement.

C.E. testified that when Sadiq stood up, he smiled, rubbed "his penis" against her thigh, and "smacked" her on her left buttock. C.E. testified that she felt a bulge when Sadiq rubbed his penis against her and that it stung when she was struck on her buttock. She also testified that she had noticed a bulge in his groin area when he stood in front of her bike. When asked on cross-examination whether it was accurate to "say that [Sadiq] brushed up against her with his groin area, C.E. testified that he "pushed his groin area" or "thrust it a little bit" into her leg. On redirect, the prosecutor asked, "So it – it was more than just a smack on your buttocks area, for my clarification?" C.E. replied, "Yes. . . . I felt his penis."

2

C.E. left on her bike, and Sadiq walked away in the other direction. C.E. called police when she got home.

On cross-examination of Hastings Police Detective Matthew Hedrick, defense counsel stated, "Now, I might add here that in your report you make a conclusion that he walked up to her and rubbed his groin and erect penis against her left leg." Hedrick responded: "Yes, I did state that. It's not my conclusion. It's what [C.E.] had explained to me."

The district court found that Sadiq committed criminal sexual conduct when he pushed his erect penis against C.E.'s leg and that he committed assault when he "smacked [C.E.] on the buttocks with such force that it stung her." The district court specifically found C.E.'s testimony credible.

This appeal followed sentencing.

## DECISION

When considering a claim of insufficient evidence, this court conducts "a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction," was sufficient to allow the fact-finder to reach the verdict that it reached. *State v. Caine,* 746 N.W.2d 339, 356 (Minn. 2008) (quotation omitted); *see also State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011) (stating that, when evaluating the sufficiency of evidence, the same standard of review applies to court trials as to jury trials). We must assume that the fact-finder believed the state's witnesses and disbelieved any contrary evidence. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). We will not disturb the verdict if the fact-finder, acting with due regard for the

3

presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the crime charged. *Bernhardt v. State,* 684 N.W.2d 465, 476-77 (Minn. 2004).

A person who "engages in nonconsensual sexual contact" commits fifth-degree criminal sexual conduct. Minn. Stat. § 609.3451, subd. 1(1) (2012). "Sexual contact . . . includes . . . the nonconsensual touching by the complainant of the actor's intimate parts, effected by the actor, if the action is performed with sexual or aggressive intent." *Id.*, subd. 1 (2012). "'Intimate parts' includes the primary genital area, groin, [or] inner thigh . . . of a human being." Minn. Stat. § 609.341, subd. 5 (2012). "Sexual contact" includes "the touching of the clothing covering the immediate area of the intimate parts." Minn. Stat. § 609.341, subd. 11(a)(iv) (2012).

Sadiq argues that he did not commit criminal sexual conduct because he did not touch C.E.'s intimate parts. But the criminal-sexual-conduct conviction was based on the nonconsensual touching by C.E. of Sadiq's groin area, effected by Sadiq. *See* Minn. Stat. § 609.3451, subd. 1. C.E.'s trial testimony and statement to Hedrick show that C.E. nonconsensually touched Sadiq's erect penis when he pushed or thrust it against her thigh, and that touching constitutes criminal sexual conduct if Sadiq acted with sexual intent.

Sadiq argues that the evidence was insufficient to prove sexual intent. "Intent must be determined from all the objective facts and circumstances, including the defendant's conduct and/or statements at the time of the act." *State v. Whisonant,* 331 N.W.2d 766, 768 (Minn. 1983). "Because intent is a state of mind," it is generally proved by circumstantial evidence. *State v. Essex,* 838 N.W.2d 805, 809 (Minn. App. 2013), *review*

4

*denied* (Minn. Jan. 21, 2014).  "A conviction based on circumstantial evidence warrants stricter scrutiny." *State v. Smith,* 619 N.W.2d 766, 769 (Minn. App. 2000), *review denied* (Minn. Jan. 16, 2001).  A conviction based on circumstantial evidence requires that the circumstances proved be consistent with a defendant's guilt and inconsistent with any other rational or reasonable hypothesis.  *State v. Clark*, 755 N.W.2d 241, 257 (Minn. 2008).

To determine whether the circumstances proved are consistent with a defendant's guilt and inconsistent with any other reasonable hypothesis, the court applies a two-step analysis.  *State v. Silvernail,* 831 N.W.2d 594, 598 (Minn. 2013).  First, the court determines the circumstances proved, giving due deference to the fact-finder and construing the evidence in the light most favorable to the verdict.  *Id.* at 598-99.  Second, the court determines whether the circumstances proved are consistent with guilt and inconsistent with any other rational or reasonable hypothesis.  *Id.* at 599.  This analysis requires that the court look at the circumstances proved not as isolated facts but rather as a "complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude . . . any reasonable inference other than guilt."  *State v. Al–Naseer,* 788 N.W.2d 469, 473 (Minn. 2010).  This court gives "no deference to the fact finder's choice between reasonable inferences." *Silvernail,* 831 N.W.2d at 599 (quotation omitted).

The circumstances proved include that Sadiq approached C.E. in a park and repeatedly asked for her phone number, which she did not give to him.  She rejected his invitations to exercise with him.  Despite C.E.'s disinterest, Sadiq continued the encounter. He stood close enough to touch her intimately, which is unusual behavior during a casual

5

encounter between two strangers in an uncrowded area, and he "smacked [her] on the buttocks with such force that it stung her."

Although Sadiq asserts that he may have inadvertently rubbed his penis against C.E.'s leg when he slapped her buttocks, C.E. described the contact as Sadiq pushing or thrusting his penis against her leg, which indicates deliberate conduct. Sadiq argues that the "bulge" in his groin area could have been something other than an erect penis. But C.E. testified that she felt Sadiq's penis rub against her leg, and C.E. stated to Hedrick that she "could very clearly see" that Sadiq was aroused.

When the circumstances proved are considered in their entirety, the only rational or reasonable inference is that Sadiq acted with sexual intent when he pushed or thrust his penis against C.E.'s leg.

**Affirmed.**